UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZAHRA YAHYA and | § | CIVIL ACTION NO |
| AHMED ALSHARAF, | § | 4:23-cv-04005 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ANTONY BLINKEN, | § | |
| *et al*, | § | |
| Defendants. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Defendants Antony Blinken, Katherine Brucker, and Robert P. Sanders to dismiss for lack of subject-matter jurisdiction is granted. Dkt 17.

1.   Background

Plaintiff Zahra Yahya is a United States citizen. Plaintiff Ahmed Alsharaf is her husband and a naturalized citizen of Canada. Dkt 1 at ¶¶24–26.

On October 30, 2021, Yahya filed an I-130 Petition for Alien Relative on behalf of Alsharaf. Id at ¶27.

On November 7, 2022, Alsharaf received a letter from the Nebraska Service Center of the US Citizenship & Immigration Service, which stated in part:

> As the petitioner requests, we have sent the petition to the U.S. Department of State National Visa Center (NVC) . . . [which] processes all approved immigrant visa petitions that need consular action, including the collection of necessary forms

> and documents. It also determines which consular post is appropriate to complete visa processing. The NVC will then transfer the approved petition to the consular post once processing has been completed and an interview has been scheduled at the Embassy or Consulate.
>
> . . .
>
> The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Dkt 5-4; see also Dkt 1 at ¶¶27–29.

On April 12, 2023, Alsharaf was then interviewed in connection with his immigrant visa application at the US Consulate in Montreal, Canada. Id at ¶30. He was given a refusal worksheet at the end of the interview, which stated the following:

> This office regrets to inform you that your visa application is refused because you have been found ineligible to receive a visa under the following section(s) of the Immigration and Nationality Act. . . .
>
> Section 221(g) which prohibits the issuance of a visa to anyone whose application does not comply with the provisions of the Immigration and Nationality Act or regulations issued pursuant thereto. *Please be advised that, for U.S. visa law purposes . . . this decision constitutes a denial of a visa. . . .*
>
> Additional processing is required. We will contact you when this is complete.

Dkt 5-6 (emphasis added).

The US Consulate emailed Alsharaf the next day to request additional information as part of his visa application in the form of a DS-5535 Questionnaire, which Alsharaf promptly filled out and returned. See Dkt 5-7 at 1–9; see also Dkt 1 at ¶5. Later in April, Alsharaf received an email from the US Consulate stating that his case was "currently under administrative processing." Dkt 5-7 at 12. He received nearly identical emails in June and August of 2023. See Dkt 5-7 at 10. On January 3, 2024, the US Consulate sent an email confirming that the office "determined you have not established that you are eligible for a visa and denied your visa application under INA 221(g)," while noting that "[a]dditional security screening is being conducted" and, depending on the results, "a consular officer may reconsider your eligibility for the visa." Dkt 18-1 at 4 (attachment to response).

Plaintiffs initiated this mandamus action to seek an order compelling the Government to adjudicate Alsharaf's application. They also assert claims under the Administrative Procedure Act for withholding immigrant visa applications, for withholding mandatory entitlement, and for unreasonable delay. Dkt 1.

Pending is a motion by the Government to dismiss for lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim. Dkt 17.

2. Legal standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998) (internal quotations omitted). The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that it is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption

against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

The Fifth Circuit recognizes that a motion under Rule 12(b)(1) can present two different types of challenges to subject-matter jurisdiction—one facial, the other factual. See *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981); *Lee v Verizon Communications Inc*, 837 F3d 523, 533 (5th Cir 2016). In a *factual challenge*, as here, the defendant submits evidence together with the argument contesting jurisdiction. The court then isn't limited to the facts pleaded in the complaint, but instead has discretion to consider any evidence submitted by the parties, such as affidavits, testimony, and documents. Ibid; see also *Kasali v FBI*, 2017 WL 6343654, *2 (SD Tex 2017). Discretion would then also exist to weigh any competing evidence based on credibility assessments. *Williamson v Tucker*, 645 F2d 404, 413 (5th Cir 1981) (citation omitted).

### 3. Analysis

The Immigration and Naturalization Act grants "consular officers exclusive authority to review applications for visas." *Saavedra Bruno v Albright*, 197 F3d 1153, 1156 (DC Cir 1999) (citing 8 USC §§1104(a), 1201(a)). Pertinent regulation provides, "When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa [or] refuse the visa under [8 USC §1182(a) or 8 USC §1201(g)] or other applicable law." 22 CFR §42.81(a).

The Government argues that this action is moot because the consular office adjudicated the subject visa application by refusing it for administrative processing under §1201(g). Dkt 17 at 12. And so, while Plaintiffs nominally seek in their complaint an order to compel adjudication, given that a decision was actually made and communicated to them, what's really being sought is reconsideration. Id at 13.

4

Cited in support is *Hong Lin Zhou v Chertoff*, 2009 WL 2246231, \*2 (ND Cal). Dkt 17 at 14. There, the consulate "ha[d] issued a decision" pursuant to §1201(g), and the plaintiff contended that his action wasn't moot "because he . . . requested a reconsideration of his daughter's visa petition." Ibid. To the contrary, the court found that there was "presently no outstanding duty the court could compel defendants to perform," and so the case was dismissed as moot even though the visa application was still "ongoing" to the extent it was "part of this reconsideration process, rather than as one on which no decision had been made." Ibid.

The Government cites a wide range of other cases that implement this same understanding towards the same conclusion. Dkt 17 at 13–14, citing, among others, *Hussein v Beecroft*, 782 F App'x 437, 440, 442–43 (6th Cir 2019) (affirming dismissal of mandamus action as moot where consular officer refused visa application, citing §1201(g)); *Pedrozo v Clinton*, 610 F Supp 2d 730, 731 (SD Tex 2009) (dismissing mandamus action as moot after consular officer denied plaintiff's visa application); *Tariq v Blinken*, 2023 WL 2661543, \*1 (ND Tex) (dismissing mandamus action as moot after consular office refused visa application and identified additional documents that could be submitted); *Guilarducci v Blinken*, 2021 WL 5140874, \*1–2 (ND Tex) (dismissing case as moot where consular officer refused visa application of plaintiff's fiancée pursuant to §1201(g)); *Toor v Clinton*, 2009 WL 1582900, \*6 (ED Cal) (where visa application was refused pursuant to §1201(g), holding that "no writ of mandamus should issue" because "[t]his refusal satisfied the duty owed to" applicant to issue or refuse the visa under statute and regulation); *Lihua Jiang v Clinton*, 2011 WL 5983353, \*3 (EDNY) (finding plaintiff's claim "moot insofar as it seeks a writ of mandamus to order [d]efendants to perform duties they have already performed").

Attempt by Plaintiffs to distinguish the above cases is unpersuasive. To be clear, Plaintiffs aren't wrong that some courts conclude to the contrary on mootness. See

5

Dkt 18 at 13–15, citing *Gonzalez v Baran*, 2022 WL 1843148, \*3 (CD Cal) (denying motion to dismiss on grounds that visa application denial under §1201(g) didn't appear to be final decision); see also *Ibrahim v US Department of State*, 2020 WL 1703892, \*5 (DDC) (holding that, "where the application is still undergoing administrative processing, even where a refusal has been relayed, the decision is not final"), quoting *Ghadami v US Department of Homeland Security*, 2020 WL 1308376, \*5 (DDC). But they cite no case from the Fifth Circuit—or within the Fifth Circuit—that's held that a consular officer's refusal of a visa isn't a final denial.

Regardless, the better view is the reasoning of the contrary authorities cited above. In the specific context of this case, consider first the applicable regulation, which provides that "the consular officer must issue the visa [or] refuse the visa under [8 USC §1182(a) or 8 USC §1201(g)] or other applicable law." 22 CFR §42.81(a). Consider next the refusal worksheet provided on April 12, 2023, which states, "Please be advised that, for U.S. visa law purposes . . . this decision constitutes a denial of a visa." Dkt 5-6. And finally, consider Plaintiff's complaint itself, which requests as relief that this Court compel a decision on Alsharaf's visa application. See Dkt 1 at ¶14.

In short, the record establishes that a decision *was made* with respect to the action that *was required*. As such, mandamus simply isn't available to compel action that's already been taken. For example, see *US ex rel Norwegian Nitrogen Products Co v US Tariff Commission*, 274 US 106, 112 (1927) (finding "there can be no effectual relief by mandamus" as to "a hearing upon an investigation which we may not command and which may never be made"); cf *Ex parte Roe*, 234 US 70, 73 (1914) (holding that mandamus "does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal"); *Huckeby v Frozen Food Express*, 555 F2d 542, 549 (5th Cir 1977) (holding that "extraordinary writs cannot be

6

used as substitutes for appeals") (quoting *Ex parte Fahey*, 322 US 258, 260 (1947)).

The mere possibility that the Government might reconsider its refusal under §1201(g) doesn't somehow render *non*-final the action that it *has* taken. *Sackett v Environmental Protection Agency*, 566 US 120, 127 (2012) (holding that possibility agency might reconsider its decision doesn't "make an otherwise final agency action nonfinal"); see also *Data Marketing Partnership, LP v US Department of Labor*, 45 F4th 846, 854 (5th Cir 2022) (finding that agency decisions are final even if they can be revisited), citing *Sackett* and *US Army Corps of Engineers v Hawkes Co*, 578 US 590, 598 (2016). This being so, in this context and procedural posture, the claims for mandamus and withholding under the APA cannot proceed. See *Bamdad v United States Department of State*, 2024 WL 1462948, *3 (WD Tex) (collecting cases and dismissing mandamus action as moot where consular officer had already taken action refusing plaintiff's visa application under 8 USC §1201(g)).

The motion to dismiss by Defendants for lack of subject-matter jurisdiction will be granted.

Because of this resolution, the additional reasons stated by the Government in support of dismissal needn't be addressed. This includes the doctrine of consular non-reviewability. See Dkt 17 at 16–17; see also Dkt 23 (supplemental filing by Government on issue). It also includes argument on the merits that the amount of delay wasn't unreasonable. See Dkt 17 at 20–24; see also Dkt 22 (supplemental filing by Plaintiffs on issue).

4.   Conclusion

The motion by Defendants Antony Blinken, Katherine Brucker, and Robert P. Sanders to dismiss for lack of subject-matter jurisdiction is GRANTED. Dkt 17.

This action is DISMISSED WITHOUT PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on  July 22, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge